IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KHRISTI JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO.  1:21-cv-0744-RAH |
| | ) | [WO] |
| UNITED STATES OF | ) | |
| AMERICA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Khristi Jones appeals from the final determination of the Director of the United States Department of Agriculture's (USDA) National Appeals Division concerning a crop disaster payment she received in 2016 from the Noninsured Crop Disaster Assistance Program (NAP). The Agency[1] has moved for summary judgment. For the reasons below, the Agency's motion is due to be granted.

## I.    BACKGROUND

### A.    Overview of NAP

NAP provides financial assistance to farmers of non-insurable crops to protect against natural disasters that prevent crop planting or result in lower yields or crop

---

[1] Jones has named as defendants the United States of America, the Farm Service Agency, the United States Department of Agriculture, and Tom Vilsack, Secretary of Agriculture. For purposes of this Opinion, the Court will refer to them collectively as the Agency.

losses.  NAP is administered under the general supervision of the Farm Service Agency (FSA) and is carried out by FSA state and county committees. 7 C.F.R. § 1437.2(a).

NAP program participants are required to notify the FSA within 72 hours after a crop loss occurs or first becomes apparent[2] to the participant, the purpose of which is to allow the FSA an opportunity to quickly inspect the deteriorating crop in the field and to make an appraisal.  *See id.* § 1437.11(a).  The participant must certify this date in her Notice of Loss along with other details regarding the crop loss. *Id.* § 1437.11(c)(2).  FSA state and county committee review this Notice of Loss and any supporting documentation to determine whether the participant qualifies for NAP benefits.  *See generally id.* § 1437.11.

FSA regulations employ a Finality Rule.  Under the Finality Rule, a determination by an FSA state or county committee becomes final and binding 90 days after a participant files an application for benefits and the required supporting documentation.  *Id.* § 718.306(a).  If the FSA state or county committee erroneously approves a claim for benefits, the Finality Rule bars the Agency from recouping that payment after 90 days unless an exception to the Finality Rule applies, such as if "[t]he determination was in any way based on erroneous, innocent, or purposeful

---

[2] This date will also be referred to as "the loss date."

misrepresentation; false statement; fraud; or willful misconduct by or on behalf of the participant." *Id.* § 718.306(a)(2), (b)(1).

### B.    Jones's 2016 NAP Claim

Jones is a fifth-generation farmer who also works full time during the week at another job.  Jones first attempted to grow a commercial summer squash crop in 2016 and enrolled her anticipated summer squash crop in NAP on February 29, 2016.  (Doc. 27-3 at 14–17.)

On September 23, 2016, Jones submitted a Notice of Loss to the Houston County FSA Committee concerning her squash crop, certified that she had suffered a loss due to drought and heat beginning on August 30, 2016, and certified that her crop loss first became apparent on September 11, 2016. (*Id.* at 21–22.)  According to certified acreage reports that Jones submitted to the Agency on September 28, 2016, Jones claimed to have planted her 35 acres of squash on two dates:   23.5 acres on August 9, 2016 and 11.5 acres on September 14, 2016. (*Id.* at 25–26.)

On September 29, 2016, a loss adjuster inspected Jones's crop. (Doc. 27-3 at 29.)  He found that, except for the 11.5-acre plot, all other fields had surpassed their growing cycle with most of the squash crop being dead or dried up. (*Id.*)  As to the 11.5-acre plot, he noted that the squash had been recently planted. (*Id.*)  The Houston County FSA Committee ultimately approved a full payment on

Jones's NAP claim in the amount of $115,223.  (*Id.* at 119–20.)

### C.    FSA Reversal

On November 9, 2020, almost four years after the FSA originally issued Jones's 2016 NAP payment, the FSA notified Jones via letter that it was reversing the 2016 NAP claim approval and that it was demanding repayment. (Doc. 27-2 at 5–9.)  According to the FSA deputy administrator, Jones's crop loss for the 11.50 acres planted after her Notice of Loss was filed reflected "a poor management decision, which is an ineligible loss."  (*Id.* at 6.)  The deputy administrator also determined that Jones misrepresented the date her crop loss was first apparent, failed to timely file her Notice of Loss, and had no acceptable records of production.  (*Id.* at 7.)  Additionally, the deputy administrator accused Jones of participating in a scheme or device to defeat the purposes of the NAP program because Jones and five other NAP participants associated with Jones were primarily responsible for a 56% increase in the total number of squash acreage in the county and that there was no justification or reasons for the increase.  (*Id.* at 7–8.)

### D.    NAD Administrative Judge's Decision

Jones then appealed to the National Appeals Division (NAD), an independent division within the USDA that conducts administrative appeals hearings of adverse

program decisions.[3]   (*Id.* at 11.)   After conducting an evidentiary hearing, an administrative judge issued an appeal determination that largely affirmed the Agency's November 9, 2020 decision, except for a nuanced issue concerning the failure to re-seed her summer squash crop on certain acreage.  (*Id.* at 61–78.)

### E.   NAD Director Review

Jones appealed again, asking for director review on the narrow issue of "equitable relief," which Jones claimed she was entitled to receive because NAP's Finality Rule applied and because there was no evidence that Jones was involved in a plan or scheme to purposely or innocently defraud the NAP program. (*Id.* at 84–85.)

Based on a review of the record and the administrative judge's decision, the NAD Deputy Director upheld the administrative judge's decision that the Finality Rule did not apply to Jones's NAP claim and concluded that Jones was not entitled to equitable relief.  (*Id.* at 91–101.)   In particular, the Deputy Director reasoned there was evidence showing that Jones's crop loss first became apparent before the September 11, 2016 date certified in her Notice of Loss.  (*Id.* at 97–98.)  The Deputy Director likewise concluded that the September 11, 2016 loss date was a

---

[3] NAD is responsible for adjudicating specified administrative appeals from adverse decisions by certain agencies within the USDA, including the Commodity Credit Corporation, the Farm Service Agency, and the FSA state, county, and area committees, including appeals from the "[d]enial of participation in, or receipt of benefits under, any program of an agency[.]" *See* 7 U.S.C. §§ 6991–7002; 7 C.F.R. §§ 11.1, 11.3.

misrepresentation as it concerned her 11.5-acre plot because she had planted that acreage on September 14, 2016 (three days later).  (*Id.* at 98.)  Based on these misrepresentations, the Deputy Director upheld the administrative judge's determination that the Agency did not err in finding that the Finality Rule did not apply to Jones's 2016 NAP payment.  (*Id.* at 98.)

Finally, the Deputy Director rejected Jones's request for equitable relief, concluding that Jones had failed to show that she had detrimentally relied on an incorrect action or advice by the Agency.  (*Id.* at 99.)  Likewise, the Deputy Director concluded Jones did not make a good faith effort to comply with NAP program guidelines because, among other reasons, the evidence showed Jones "made little effort to nurture the crop, despite the dry, drought conditions."  (*Id.* at 99–100.)

This decision constituted the Agency's final decision under 7 U.S.C. § 6999.

## II.   STANDARD OF REVIEW

Summary Judgment "is particularly appropriate in cases in which a district court is asked to review a decision rendered by a federal administrative agency." *Mahon v. United States Dep't of Agric.*, 485 F.3d 1247, 1253 (11th Cir. 2007). "However, 'even in the context of summary judgment, an agency action is entitled to great deference.'"  *Id.* (citation omitted).

Judicial review of a final agency determination is governed by the Administrative Procedure Act, which provides in part that a court may set aside an

agency's "action, finding  or conclusion" for being "arbitrary, capricious, an abuse of discretion, unconstitutional, in excess of statutory authority, without observance of procedure as required by law, or unsupported by substantial evidence." *Id*. (citing 5 U.S.C. § 706(2)); *see also* 7 U.S.C. § 6999; *Payton v. United States Dep't of Agric.*, 337 F.3d 1163, 1167 (10th Cir. 2003).

"To determine whether an agency decision was arbitrary and capricious, the reviewing court 'must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment.'" *N. Buckhead Civic Ass'n v. Skinner*, 903 F.2d 1533, 1538 (11th Cir. 1990) (citation omitted). The arbitrary and capricious standard is exceedingly deferential, *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 541 (11th Cir. 1996), and "[t]he reviewing court is not authorized to substitute its judgment for that of the agency concerning the wisdom or prudence of the" decision, *N. Buckhead*, 903 F.2d at 1539. "Rather, the 'task of the reviewing court is to apply the appropriate . . . standard of review . . . to the agency decision based on the record the agency presents to the reviewing court.'" *Pres. Endangered Areas of Cobb's History, Inc. v. United States Army Corp of Eng'rs*, 87 F.3d 1242, 1246 (11th Cir. 1996) (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985)).

## III.   DISCUSSION

The Agency has moved for summary judgment on two primary points:

(1) substantial evidence exists to support the finding that Jones had misrepresented the loss date; and (2), the record supports the Deputy Director's decision to deny Jones' claim to equitable relief.  Jones responds, but barely, arguing that she did not misrepresent her status as a producer, that the Agency erred in concluding that drought and heat did not cause her crop loss, and that the Deputy Director erred in denying equitable relief and not applying the Finality Rule.  The Agency replies, noting that Jones has not properly exhausted or briefed several of her arguments, that her producer status is not even a contested issue in the case, and that the Deputy Director did not err in denying Jones' request for equitable relief.

As a preliminary matter, the Agency is correct that several of Jones's arguments are not properly before the Court because Jones failed to exhaust them. "Under ordinary principles of administrative law, a reviewing court will not consider arguments that a party failed to raise in [a] timely fashion before an administrative agency." *Mahon*, 485 F.3d at 1254–55 (citation omitted).  In *Mahon*, the Eleventh Circuit held that, due to the adversarial nature of the NAD procedures, parties cannot raise new arguments to a district court on appeal from a final NAD decision that were not raised during the course of the administrative proceedings below.  485 F.3d at 1255–56.

The record confirms that the only issue presented by Jones to the Deputy Director was her claim for equitable relief, which was premised upon whether the

Finality Rule applied. The Deputy Director denied her request for equitable relief, finding that Jones had misrepresented the loss date, did not make a good faith effort to comply with NAP program requirements, and did not show that she had relied on advice from the Agency to her detriment. As such, the only issue that can be brought before this Court is the Deputy Director's consideration of the Finality Rule and equitable relief. Jones has waived all other issues—producer status and cause of the crop loss—and therefore she is precluded from raising these issues with this Court. *See Mahon*, 485 F.3d at 1256.

As for her properly exhausted claims—equitable relief and the Finality Rule—the Agency argues that Jones has failed to properly develop that argument before this Court and therefore she has abandoned these claims appeal. It has long been held that "the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Resol. Tr. Corp v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc); *see also Boone v. City of McDonough*, 571 F. App'x 746, 751 (11th Cir. 2014) (explaining that plaintiff abandoned claim asserted in complaint but not argued at the summary judgment stage). Jones's summary judgment opposition brief[4] spans only three pages and merely cites rules without any record citations, argument, or

---

[4] Under the Court's Scheduling Order, Jones had until September 12, 2022 to file a dispositive motion on her petition for review. (*See* Doc. 21.) Jones did not file a motion. Thus, Jones' petition comes before this Court on the Agency's own dispositive motion.

showing as to how the Deputy Director erred in her decision. Other than citing to the statutory basis on which the Deputy Director may, in her discretion, grant equitable relief, Jones cites no facts and makes no argument. Instead, in a conclusory fashion, Jones simply states that the Deputy Director erred, and thus has not properly briefed her arguments or positions for review by this Court. Accordingly, the Court concludes that Jones has waived and abandoned any argument that the Deputy Director acted arbitrarily, capriciously or otherwise in error in denying her request for equitable relief. It follows that the Deputy Director's decision is due to be affirmed.

## IV.   CONCLUSION

For the foregoing reasons, it is **ORDERED** as follows:

1. The Defendants' *Motion for Summary Judgment* (Doc. 30) is **GRANTED**;

2. The appeals determination of the Deputy Director of the National Appeals Division is **AFFIRMED**; and

3. The Clerk of Court is directed to enter judgment in favor of Defendants United States of America, the Farm Service Agency, the United States Department of Agriculture, and Tom Vilsack, Secretary of Labor, and close this file.

**DONE**, on this the 24th day of February 2023.

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE